## UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

IN RE:

Richard Tuckerman Strother                         Case No. 14-16671-EPK
                                                   Chapter 13
Debtor.
___                    _____/


Hylas Yachts, INC..
          *Plaintiff,*

v.                                    Adv. No.  14-01318-EPK

T3 Vistas, LLC, and
Richard Strother
          *Defendants.*

T3 Vistas, LLC, and
Richard Strother
          *Counterclaimants*
v.

 Hylas Yachts, INC.
          *Defendant.*

_____

### ~~NOTICE~~OF MOTION TO STRIKE  HYLAS YACHT'S COMPLAINT
### OR IN THE ALTERNATIVE FOR
### SUMMARY JUDGMENT PURSUANT TO F.R.B.P. 7056

   **PLEASE TAKE NOTICE** that on a time and date to be set by the Court, or as soon

thereafter as the matter may be heard, in the above-entitled court, located in Courtroom  at

Flagler Waterview Building, 1515 North Flagler Drive ,8th Floor,West Palm Beach, FL 33401

Defendant Richard Strother, will and hereby does move for an order to strike  Hylas Yacht's

Complaint or in the alternative for Summary Judgment pursuant to F.R.B.P. 7056.

This Motion is brought pursuant to Rule 7(b) of the Federal Rules of Civil Procedure, as made applicable hereto by Rule 7012(b) of the Federal Rules of Bankruptcy 7007 and Rule 56 of the Federal Rules of Civil Procedure, as made applicable hereto by Rule 7056 of the Federal Rules of Bankruptcy 7007 on the basis that the Complaint fails and cannot be heard by this court due to the following reasons:

1. The plaintiff lacks standing to bring these claims;

2. The defendant was never properly served.

Alternatively, the Defendant moves for a Summary Judgment on his SIXTEENTH AFFIRMATIVE DEFENSE: "Plaintiff's claims are barred and must be dismissed due to improper service."

This Motion is based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Affidavit of Richard Strother of Specific Negative Averment and in Support of the Motion and its exhibits filed concurrently herewith, the pleadings and papers on file with the Court, and all the matters of which the Court may take judicial notice pursuant to Rule 201 of the Federal Rules of Evidence.

**PLEASE TAKE FURTHER NOTICE** that this Motion was served in compliance with the Bankruptcy Rules and Local Rule 9013-1. Under Local Rule 9013-1 any response to this Motion must be filed with the Court and served upon Defendants at the address set forth below, at within twenty one (21) after the date of service stated in this Motion. Pursuant to Local Bankruptcy Rule 9013-1(D), the failure to timely file and serve a written opposition may be deemed by the Court to be consent to the granting of the relief requested in the Motion without further notice or hearing.

ACCORDINGLY, Defendant respectfully request that the Court enter an order

Striking the Complaint or in the alternative, grant Summary Judgment of Defendants sixteenth

affirmative defense that plaintiff's claims are barred and must be dismissed due to improper

service, and grant such other and further relief as the court deems just and proper.

Respectfully submitted,

Richard Strother, pro se
340 Royal Poinciana Way Ste:317-203
Palm Beach, Florida 33480
561-818-3924
Ricstro33@gmail.com

March 31, 2014

## Certificate of Service

On this 31[th] day of March, 2014, I certify that I served or caused to be served on the

other parties a true and accurate copy of this Notice of Motion and Motion, the attached

Memorandum of Points and Authorities, the Affidavit of Richard Strother of Specific Negative

Averment and in Support of the Motion and its exhibits filed concurrently therewith by first class

mail or e-mail.

Richard Strother

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

IN RE:

Richard Tuckerman Strother

Case No. 14-16671-EPK
Chapter 13

Debtor.

_____/


Hylas Yachts, INC..
        *Plaintiff,*

v.                                                    Adv. No.  14-01318-EPK

T3 Vistas, LLC, and
Richard Strother
        *Defendants.*

T3 Vistas, LLC, and
Richard Strother
        *Counterclaimants*
v.

 Hylas Yachts, INC.
        *Defendant.*

_____


## AFFIDAVIT OF RICHARD STROTHER OF SPECIFIC NEGATIVE AVERMENT AND IN SUPPORT OF THE MOTION

I, Richard  Strother , on oath, do state and depose as follows:


1. I am a Florida resident and domiciled in Florida and have not personally

set foot in Massachusetts for nearly a decade prior to this action, nor have I done

business there.

1

2. On or about March 14, 2012, an Attorney named Jeffrey Baker telephoned me from Massachusetts and informed me that a lawsuit against me had been mailed to me.

3. The lawsuit concerned an alleged breach of Contract of a Sales Agreement between Hylas Yachts, Inc. and T3 Vistas, LLC dated August 1, 2008.(the "Massachusetts Action").

5. On March 24, I filed for bankruptcy under Chapter 13, Case No. 14-16671-EPK.

6. On March 26, 2014, the Massachusetts Action was removed to this Court pursuant to Fed. R. Bankr. P. 9027, Adv. No. 14-0138-EPK, and became a core matter to my estate. This Court now has jurisdiction to determine this case under Fed. R. Bankr. P. 7001(10).

7. The Summons names "Hylas Yachts LLC"(limited liability company) as the Plaintiff. (A copy of that Summons is attached as Exhibit "A" hereto).

8. In addition, the docket sheet has "Hylas Yachts, LLC" as the Plaintiff, and all the orders of the Court therein name Hylas Yachts, LLC as the Plaintiff.

(A copy of that the first 6 pages of the Docket Sheet are attached as Exhibit "B" hereto).

9. However, there is no limited liability company by the name of Hylas Yachts, LLC according to the records of the Secretary of State of Massachusetts.

10. Hylas Yachts LLC is a fictitious non-existent entity, and not entitled to sue or have standing to sue.

11. For the above reasons, This Court should strike the Complaint in this suit because Hylas Yachts, LLC is a non-registered fictitious entity. It does not exist. It therefore may not sue any Complaint that it attempted to serve is a nullity and should be struck.

12. Similarly, the non-existent Hylas, LLC could not attempt to serve me by mail a valid Summons, therefore, there was no proper service and any Complaint that it attempted to serve should be struck.

13. Alternatively, I respectfully request that I be granted Summary Judgment on my SIXTEENTH AFFIRMATIVE DEFENSE: "Plaintiff's claims are barred and must be dismissed due to improper service." because the non-existent Hylas, LLC could not attempt to serve me by mail a valid Summons, therefore, there is no issue of material fact and its claims are barred.

Respectfully submitted,

Richard Strother, pro se

3

# EXHIBIT "A"

## TO AFFIDAVIT OF RICHARD STROTHER

# UNITED STATES DISTRICT COURT
for the
## DISTRICT OF MASSACHUSETTS

**HYLAS YACHTS LLC**

*Plaintiff*

v.

**RICHARD STROTHER, ET AL.**

*Defendant*

Civil Action No.:
**1:12−CV−10468−DJC**

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*
Richard Strother
340 Royal Poinciana Way
#317-203
Palm Beach, FL 33480

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) —— or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) —— you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiffs attorney, whose name and address are:
Jeffrey S. Baker
Baker & Assoc., PC
Two West Hill Place
Boston, MA 02114

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**SARAH ALLISON THORNTON**

*CLERK OF COURT*

**/s/ − Chris Danieli**

*Signature of Clerk or Deputy Clerk*

**ISSUED ON 2012−03−13 13:29:33.0, Clerk USDC DMA**

# EXHIBIT "B"

## TO AFFIDAVIT OF
## RICHARD STROTHER

# United States District Court
# District of Massachusetts (Boston)
## CIVIL DOCKET FOR CASE #: 1:12-cv-10468-DJC

Hylas Yachts LLC v. Strother et al
Assigned to: Judge Denise J. Casper
Demand: $435,000
Cause: 28:1332 Diversity-Breach of Contract

Date Filed: 03/13/2012
Jury Demand: Both
Nature of Suit: 190 Contract: Other
Jurisdiction: Diversity

**Plaintiff**

**Hylas Yachts LLC**                    represented by **Jeffrey S. Baker**
Baker & Associates
2 West Hill Place
Suite 100
Boston, MA 02114
617-573-9505
Fax: 617-573-9503
Email: Bakerlaw@aol.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Patrick M. Groulx**
Polis Legal
P.O. Box 45504
Somerville, MA 02145
978-549-3124
Fax: 617-500-9955
Email: pgroulx@polislegal.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Richard Strother**                    represented by **Brian Keane**
Kaplan/Bond Group
88 Black Falcon Avenue
Suite 301
Boston, MA 02210
617-261-0080
Fax: 617-261-1558
Email: bkeane@kaplanbond.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Patrick O. McAleer**

Farrell McAleer & Smith LLP
Suite 303
60 Washington Street
Salem, MA 01970
978-744-8919
Email: pmcaleer@fmsfirm.com
*TERMINATED: 11/14/2012*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gabriel T. Dym**                    ·
Eckert Seamans Cherin & Mellott, LLC
16th Floor
Two International Place
Boston, MA 02110
(617) 342-6800
Fax: (617) 951-2819
Email: gdym@eckertseamans.com
*TERMINATED: 11/14/2012*
*ATTORNEY TO BE NOTICED*

**Defendant**

**T3 Vistas, LLC**                                    represented by **Brian Keane**
                                                      (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*
                                                                                    ·
                                                      **Patrick O. McAleer**
                                                      (See above for address)
                                                      *TERMINATED: 11/14/2012*
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Gabriel T. Dym**
                                                      (See above for address)
                                                      *TERMINATED: 11/14/2012*
                                                      *ATTORNEY TO BE NOTICED*

**Mediator**

**Judge Leo T. Sorokin**
*TERMINATED: 07/22/2013*

**Counter Claimant**
                                                                                    ·
**T3 Vistas, LLC**                                    represented by **Brian Keane**
                                                      (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

**Patrick O. McAleer**
(See above for address)
*TERMINATED: 11/14/2012*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gabriel T. Dym**
(See above for address)
*TERMINATED: 11/14/2012*
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Richard Strother**                    represented by **Brian Keane**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Patrick O. McAleer**
(See above for address)
*TERMINATED: 11/14/2012*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gabriel T. Dym**
(See above for address)
*TERMINATED: 11/14/2012*
*ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**Hylas Yachts LLC**                    represented by **Jeffrey S. Baker**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Patrick M. Groulx**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/13/2012 | 1 | COMPLAINT against All Defendants Filing fee: $ 350, receipt number 0101-3851351 (Fee Status: Filing Fee paid), filed by Hylas Yachts LLC. (Attachments: # 1 Civil Cover Sheet, # 2 Category Form)(Groulx, Patrick) (Attachment 1 replaced on 3/20/2014) (Maynard, Timothy). (Entered: 03/13/2012) |

| 03/13/2012 | 2 | Memorandum in Support re 5 MOTION for Preliminary Injunction by Hylas Yachts LLC.(Groulx, Patrick) Modified on 3/13/2012 updating the text of the entry to match that of the title of the filed document. (Danieli, Chris). (Entered: 03/13/2012) |
| --- | --- | --- |
| 03/13/2012 | 3 | AFFIDAVIT in Support re 2 MOTION for Preliminary Injunction . (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7)(Groulx, Patrick) (Entered: 03/13/2012) |
| 03/13/2012 | 4 | NOTICE of Appearance by Jeffrey S. Baker on behalf of Hylas Yachts LLC (Baker, Jeffrey) (Main Document 4 replaced on 4/5/2012 to use correct document) (Maynard, Timothy). (Entered: 03/13/2012) |
| 03/13/2012 | 5 | MOTION for Preliminary Injunction by Hylas Yachts LLC.(Baker, Jeffrey) (Entered: 03/13/2012) |
| 03/13/2012 | | ELECTRONIC NOTICE of Case Assignment. Judge Denise J. Casper assigned to case. If the trial Judge issues an Order of Reference of any matter in this case to a Magistrate Judge, the matter will be transmitted to Magistrate Judge Jennifer C. Boal. (Abaid, Kimberly) (Entered: 03/13/2012) |
| 03/13/2012 | 6 | Summons Issued as to Richard Strother, T3 Vistas, LLC. **Counsel receiving this notice electronically should download this summons, complete one for each defendant and serve it in accordance with Fed.R.Civ.P. 4 and LR 4.1. Summons will be mailed to plaintiff(s) not receiving notice electronically for completion of service.** (Danieli, Chris) (Entered: 03/13/2012) |
| 03/15/2012 | | ELECTRONIC NOTICE Setting Hearing on Motion 5 MOTION for Preliminary Injunction : Motion Hearing set for 3/21/2012 04:00 PM in Courtroom 11 before Judge Denise J. Casper. (Hourihan, Lisa) (Entered: 03/15/2012) |
| 03/15/2012 | 7 | AFFIDAVIT in Support re 5 MOTION for Preliminary Injunction . (Groulx, Patrick) (Entered: 03/15/2012) |
| 03/21/2012 | 8 | AFFIDAVIT OF SERVICE Executed by Hylas Yachts LLC. All Defendants. Acknowledgement filed by Hylas Yachts LLC. (Groulx, Patrick) (Entered: 03/21/2012) |
| 03/21/2012 | 9 | AFFIDAVIT *of Jeffrey S. Baker* by Hylas Yachts LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5)(Groulx, Patrick) (Entered: 03/21/2012) |
| 03/21/2012 | 10 | Emergency MOTION to Dismiss for Lack of Jurisdiction *Pursuant to F.R.C.P. 12(b)(2)* by Richard Strother.(McAleer, Patrick) (Entered: 03/21/2012) |
| 03/21/2012 | 11 | MEMORANDUM in Support re 10 Emergency MOTION to Dismiss for Lack of Jurisdiction *Pursuant to F.R.C.P. 12(b)(2)* filed by Richard Strother. (McAleer, Patrick) (Entered: 03/21/2012) |
| 03/21/2012 | 12 | AFFIDAVIT in Support re 10 Emergency MOTION to Dismiss for Lack of Jurisdiction *Pursuant to F.R.C.P. 12(b)(2) of Richard Strother*. (Attachments: # 1 Exhibit, # 2 Exhibit)(McAleer, Patrick) (Entered: 03/21/2012) |

| 03/21/2012 | 13 | Opposition re 5 MOTION for Preliminary Injunction *and Cross-Motion to Stay the Litigtion and to Compel Arbitration* filed by Richard Strother, T3 Vistas, LLC. (McAleer, Patrick) (Entered: 03/21/2012) |
|---|---|---|
| 03/21/2012 | 14 | MEMORANDUM in Opposition re 5 MOTION for Preliminary Injunction *and in Support of Cross-Motion to Stay the Litigation and to Compel Arbitration* filed by Richard Strother, T3 Vistas, LLC. (McAleer, Patrick) (Entered: 03/21/2012) |
| 03/21/2012 | 15 | AFFIDAVIT in Support re 14 Memorandum in Opposition to Motion *for Preliminary Injunction and in Support of Cross-Motion to Stay Litigation and to Compel Arbitration.* (Attachments: # 1 Exhibits A-E)(McAleer, Patrick) (Entered: 03/21/2012) |
| 03/21/2012 | 16 | NOTICE of Appearance by Patrick O. McAleer on behalf of Richard Strother, T3 Vistas, LLC (McAleer, Patrick) (Entered: 03/21/2012) |
| 03/21/2012 | | ELECTRONIC Clerk's Notes for proceedings held before Judge Denise J. Casper: Motion Hearing held on 3/21/2012 re 5 MOTION for Preliminary Injunction filed by Hylas Yachts LLC, 10 Emergency MOTION to Dismiss for Lack of Jurisdiction *Pursuant to F.R.C.P. 12(b)(2)* filed by Richard Strother. Court inquires as to whether we should proceed on the P/I or wait until all is fully briefed. Counsel agree to a briefing schedule. Plaintiff to respond to pending motions by 4:00PM on 3/22/12. Hearing rescheduled for 3/23/12 at 11:00AM.(Court Reporter: Debra Joyce at joycedebra@gmail.com.)(Attorneys present: Jeffrey Baker for the plaintiff. Patrick McAleer for the defendants.) (Hourihan, Lisa) (Entered: 03/22/2012) |
| 03/22/2012 | | ELECTRONIC NOTICE Setting Hearing on Motion 5 MOTION for Preliminary Injunction , 10 Emergency MOTION to Dismiss for Lack of Jurisdiction *Pursuant to F.R.C.P. 12(b)(2)* : NOTICE TO COUNSEL re: Cameras in the Courtroom Project. The parties in this case are hereby notified that this scheduled proceeding is eligible for video recording. Counsel are directed to the district court web site at http://www.mad.uscourts.gov/general/cameras.html to determine if they wish to consent to video recording. Responses are due seven days from the date of this notice. Motion Hearing set for 3/23/2012 11:00 AM in Courtroom 11 before Judge Denise J. Casper. (Hourihan, Lisa) (Entered: 03/22/2012) |
| 03/22/2012 | 17 | REPLY to Response to 5 MOTION for Preliminary Injunction filed by Hylas Yachts LLC. (Attachments: # 1 Appendix 1)(Groulx, Patrick) (Entered: 03/22/2012) |
| 03/22/2012 | 18 | Opposition re 10 Emergency MOTION to Dismiss for Lack of Jurisdiction *Pursuant to F.R.C.P. 12(b)(2)* filed by Hylas Yachts LLC. (Attachments: # 1 Appendix 1)(Groulx, Patrick) (Entered: 03/22/2012) |
| 03/22/2012 | 19 | AFFIDAVIT in Support re 18 Opposition re 10 Emergency MOTION to Dismiss for Lack of Jurisdiction and 17 Reply to Response to Motion . (Attachments: # 1 Exhibit 1, # 2 Exhibit 2-11)(Groulx, Patrick) Modified on 3/22/2012 to link to correct docket entry (Maynard, Timothy). (Entered: 03/22/2012) |

| 03/22/2012 | | ELECTRONIC NOTICE Resetting Hearing on Motion 5 MOTION for Preliminary Injunction , 10 Emergency MOTION to Dismiss for Lack of Jurisdiction *Pursuant to F.R.C.P. 12(b)(2)* : Motion Hearing set for 3/30/2012 11:00 AM in Courtroom 11 before Judge Denise J. Casper. Defendant may file a reply brief to the response to the motion to dismiss and motion to compel arbitration by 3/27/12.(Hourihan, Lisa) (Entered: 03/22/2012) |
|---|---|---|
| 03/25/2012 | 20 | MOTION to Quash by Hylas Yachts LLC. (Attachments: # 1 Exhibit 1)(Groulx, Patrick) (Entered: 03/25/2012) |
| 03/26/2012 | 21 | AFFIDAVIT in Support re 17 Reply to Response to Motion . (Attachments: # 1 Exhibit 1)(Groulx, Patrick) (Entered: 03/26/2012) |
| 03/27/2012 | 22 | Opposition re 20 MOTION to Quash *and Cross-Motion for Leave* filed by Richard Strother, T3 Vistas, LLC. (Attachments: # 1 Exhibits A & B)(McAleer, Patrick) (Entered: 03/27/2012) |
| 03/27/2012 | 23 | REPLY to Response to 5 MOTION for Preliminary Injunction filed by Richard Strother, T3 Vistas, LLC. (McAleer, Patrick) (Entered: 03/27/2012) |
| 03/27/2012 | 24 | AFFIDAVIT in Support re 23 Reply to Response to Motion *for Injuntive Relief and in Support of Defendant's Cross-Motion.* (Attachments: # 1 Exhibits A-C)(McAleer, Patrick) (Entered: 03/27/2012) |
| 03/29/2012 | 25 | AFFIDAVIT re 19 Affidavit in Support, 18 Opposition to Motion *of Jeffrey S. Baker for Clarification of Scrivener's Error in Affidavit in Support* by Hylas Yachts LLC. (Groulx, Patrick) (Entered: 03/29/2012) |
| 03/29/2012 | 26 | EXHIBIT re 24 Affidavit in Support *with corrected Exhibits A-C* by Richard Strother, T3 Vistas, LLC. (McAleer, Patrick) (Entered: 03/29/2012) |
| 03/29/2012 | 27 | AFFIDAVIT in Support re 14 Memorandum in Opposition to Motion . (Attachments: # 1 Exhibit A)(McAleer, Patrick) (Entered: 03/29/2012) |
| 03/30/2012 | | ELECTRONIC Clerk's Notes for proceedings held before Judge Denise J. Casper: Motion Hearing held on 3/30/2012 re 5 MOTION for Preliminary Injunction filed by Hylas Yachts LLC, 20 MOTION to Quash filed by Hylas Yachts LLC, 10 Emergency MOTION to Dismiss for Lack of Jurisdiction *Pursuant to F.R.C.P. 12(b)(2)* filed by Richard Strother.Arguments on all pending motions. For reasons stated on the record, the Court denies 10 Motion to Dismiss for Lack of Jurisdiction; Court reserves ruling on all other pending motions. Court urges counsel to confer to try to settle the case. Counsel to file a joint status report by 4/3/12 noting whether the case has settled or request a ruling on the motions.(Court Reporter: Debra Joyce at joycedebra@gmail.com.) (Attorneys present: Jeffrey Baker for the plaintiff. Patrick McAleer for the defendants.) (Hourihan, Lisa) (Entered: 03/30/2012) |
| 04/03/2012 | 28 | STATUS REPORT by Hylas Yachts LLC, Richard Strother, T3 Vistas, LLC. (McAleer, Patrick) (Entered: 04/03/2012) |
| 04/03/2012 | 29 | Supplemental MEMORANDUM in Support re 5 MOTION for Preliminary Injunction *with Plaintiff's Offer to Post a Cash Bond in the Amount of $125,000* filed by Hylas Yachts LLC. (Groulx, Patrick) (Entered: 04/03/2012) |

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

IN RE:

Richard Tuckerman Strother

Case No. 14-16671-EPK
Chapter 13

Debtor.

_____/

Hylas Yachts, INC..
      *Plaintiff,*

v.                                    Adv. No.  14-01318-EPK

T3 Vistas, LLC, and
Richard Strother
      *Defendants.*

T3 Vistas, LLC, and
Richard Strother
      *Counterclaimants*
v.

 Hylas Yachts, INC.
      *Defendant.*

_____

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

      The Plaintiff Hylas, LLC, a Limited Liability Company, appears to lack standing to bring this suit because the it is a non-registered fictitious entity. It does not exist.

      It therefore may not sue or have standing to sue under law and the applicable Federal Rules of Civil Procedure and any Complaint that it attempted to serve is a nullity and should be struck.

1

Similarly, the non-existent Hylas, LLC could not attempt to serve by mail a valid Summons, therefore, there was no proper service and any Complaint that it attempted to serve should be struck.

Alternatively, the Defendant moves for a Summary Judgment on his SIXTEENTH AFFIRMATIVE DEFENSE: "Plaintiff's claims are barred and must be dismissed due to improper service." because the non-existent Hylas, LLC could not attempt to serve by mail a valid Summons, therefore, there is no issue of material fact and its claims are barred,

## II.    CASE BACKGROUND

On or about March 14, 2012, an Attorney named Jeffrey Baker telephoned and informed Strother that a lawsuit had been mailed to Strother.

The lawsuit concerned an alleged breach of Contract of a Sales Agreement between Hylas Yachts, Inc. and T3 Vistas, LLC dated August 1, 2008.(the "Massachusetts Action").

On or about January 24, 2014, T3 Vistas, LLC filed for bankruptcy under Chapter 7

On March 24, Richard Strother filed for bankruptcy under Chapter 13, Case No. 14-16671-EPK.

On March 26, 2014, the Massachusetts Action was removed to this Court pursuant to Fed. R. Bankr. P. 9027, Adv. No. 14-0138-EPK, and became a core matter.

This Court now has jurisdiction to determine this case under Fed. R. Bankr. P. 7001(10).

## ARGUMENT

### A. Hylas, LLC lacks standing to bring this action.

The Affidavit of Richard Strother of Specific Negative Averment and in Support of the Motion contains an Exhibit "A" a Summons by Hylas Yachts, LLC. Contained in Exhibit "B" thereto are the first 6 pages of the Docket Sheet in the Massachusetts Action delineating Hylas

2

Yachts, LLC as the Plaintiff in the Massachusetts Action.

Hylas Yachts, LLC does not exist according to the Massachusetts Secretary of State's Records. It is a fictitious entity, a non-existent entity.

As a non-existent entity, it does not have the capacity to sue or the standing to sue.

Standing is the threshold issue in every federal case. *Maverick Media Grp., Inc. v. Hillsborough Cnty., Fla.*, 528 F.3d 817, 819 (11th Cir. 2008) Standing is a mixed question of law and fact *Baloco v. Drummond Co.*, 640 F.3d 1338, 1342–43 (11th Cir. 2011).

Faced with a similar lawsuit where one of the parties ( a defendant) was non-existent, the California Apellate Court ruled in *Roy B. Oliver v. The Swiss Club Tell* (1963) 222 Cal. App. 2d 528, that a civil action can be maintained only against a legal person, i.e., a natural person or an artificial or quasi-artificial person, **a nonentity is incapable of suing.** (emphasis added)id at 538 (*Metropolitan St. Ry. Co. v. Adams Express Co.*, 145 Mo. App. 371 [130 S.W. 101]; *Mason v. Farmers Bank at Petersburg*, 39 Va. (12 Leigh) 84.) **Where a suit is brought against an entity which is legally nonexistent, the proceeding is void ab initio and its invalidity can be called to the attention of the court at any stage of the proceeding.** (emphasis added) (*Lewis v. West Side Trust & Savings* 538*538 Bank, 377 Ill. 384 [36 N.E.2d 573]; *Metropolitan St. Ry . Co. v. Adams Express Co.*, supra; *Miller's Estate v. St. Joseph County Home*, 119 Ind. App. 437 [87 N.E.2d 886]; 67 C.J.S., § 153, p. 1153.)" The common-sense rationale of this rule is that courts sit to settle disputes between existing parties and when the defendant is not a legal person no lawful judgment can be rendered against such a nonentity. (See *Metropolitan St. Ry. Co. v. Adams Express Co.*, supra; *Miller's Estate v. St. Joseph County Home,* supra; and see *Conlin v. Blanchard*, 219 Cal. 632, 635 [28 P.2d 12].) **Accordingly, it is a corollary to this rule that the objection that a plaintiff or defendant is nonexistent is not subject to waiver, because the defect is jurisdictional**. (emphasis added) (*Metropolitan St. Ry. Co. v. Adams Express Co.*,

3

supra; Miller's Estate v. St. Joseph County Home, supra; 67 C.J.S. § 153, p. 1153; and see Code Civ. Proc., § 434.) .......If, as we have pointed out above, the unincorporated association was nonexistent, a purported answer on its behalf would be a nullity and the manner and extent of the denials therein would be of no moment. Id. at 539." **By the same reasoning, any complaint filed by a non-existent entity would be a nullity and allegations therein of no moment**. "(emphasis added) *Roy B. Oliver v. The Swiss Club Tell, supra at 539.*

In conclusion, the complaint should be stricken because the fictitious entity Hylas Yachts, LLC has no standing to sue.

## B. Hylas Yachts, LLC did not properly serve Strother

The Affidavit of Richard Strother of Specific Negative Averment and in Support of the Motion contains as Exhibit "A" a Summons by Hylas Yachts, LLC.

Since Hylas Yachts, LLC does not exist, there could not be proper service and Plaintiff's claims are barred and must be stricken due to improper service. Strother is entitled to such relief because he was never properly served. In other words, an individual or entity "is not obliged to engage in litigation unless [officially] notified of the action . . . under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999)

In conclusion, the complaint should be stricken because the fictitious entity Hylas Yachts, LLC did not properly serve Strother.

## C. The Court may grant Summary Judgment under Rule 7056 of the Federal Rules of Bankruptcy because Hylas Yachts, LLC did not properly serve Strother

The Affidavit of Richard Strother of Specific Negative Averment and in Support of the Motion states that his SIXTEENTH AFFIRMATIVE DEFENSE to Hylas Yachts, LLC's Complaint against him was Plaintiff's claims are barred and must be dismissed due to improper

4

service. Attached as Exhibit "A" thereto is a Summons from the non-existent entity,

Hylas Yachts, LLC.

There are no issues of material fact as the document speaks for itself. The Court may in the alternative grant Summary Judgment the Federal Rules of Civil Procedure, as made applicable hereto by Rule 7056 of the Federal Rules of Bankruptcy.

## **CONCLUSION**

This Court should strike the Complaint in this suit because Hylas Yachts, LLC is a non-registered fictitious entity. It does not exist. It therefore may not sue or have standing to sue under law and the applicable Federal Rules of Civil Procedure. Any Complaint that it attempted to serve is a nullity and should be struck.

Similarly, the non-existent Hylas, LLC could not attempt to serve by mail a valid Summons, therefore, there was no proper service and any Complaint that it attempted to serve should be struck.

Alternatively, Strother may be granted Summary Judgment on his SIXTEENTH AFFIRMATIVE DEFENSE: "Plaintiff's claims are barred and must be dismissed due to improper service." because the non-existent Hylas, LLC could not attempt to serve by mail a valid Summons, therefore, there is no issue of material fact and its claims are barred.

Respectfully submitted,

Richard Strother, pro se
340 Royal Poinciana Way Ste:317-203
Palm Beach, Florida 33480
561-818-3924
Ricstro33@gmail.com

March 31, 2014

5

**ORDERED in the Southern District of Florida on _____, 2014**

**Erik P. Kimball, Judge**
**United States Bankruptcy Court**

## UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

IN RE:

Richard Tuckerman Strother

Case No. 14-16671-EPK
Chapter 13

Debtor.

_____/

Hylas Yachts, INC..
            *Plaintiff,*

v.                                          Adv. No. 14-01438-EPK

T3 Vistas, LLC, and
Richard Strother
            *Defendants.*

T3 Vistas, LLC, and
Richard Strother
            *Counterclaimants*
v.

 Hylas Yachts, INC.
            *Defendant.*

_____

## ORDER GRANTING MOTION TO STRIKE  HYLAS YACHT'S COMPLAINT

THIS CAUSE came before the Court, upon the Debtor's Motion to Strike  Hylas Yacht's

Complaint  or in the Alternative for Summary Judgment  Pursuant to F.R.B.P. 7056 and the

Memorandum of Points and Authorities, the Affidavit of Richard Strother of Specific Negative

1

Averment and in Support of the Motion and its exhibits filed concurrently therewith on Monday,

March 31, 2014, and the Court, having reviewed the motion, having considered the response and

the reply, having considered the position during argument from the Debtor and counsel for Hylas

Yachts, and being otherwise duly informed on the premises , it is hereby:

**ORDERED AND ADJUDGED** as follows:

**1.** Debtor's Motion to Strike Hylas Yacht's Complaint or in the Alternative for Summary

Judgment Pursuant to F.R.B.P. 7056 is hereby **GRANTED.**

Submitted by:

_____

Richard Strother, pro se
340 Royal Poinciana Way Ste:317-203
Palm Beach, Florida 33480
561-818-3924
Ricstro33@gmail.com

Pro se Debtor shall serve a copy of this Order upon all interested parties upon receipt and file a
certificate of service

2