UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

IN RE:

Richard Tuckerman Strother

Debtor.

_____/

Case No. 14-16671-PGH
Chapter 13

Hylas Yachts, INC..
    *Plaintiff,*

v.

T3 Vistas, LLC, and
Richard Strother
    *Defendants.*

T3 Vistas, LLC, and
Richard Strother
    *Counterclaimants*
v.

Hylas Yachts, INC.
    *Defendant.*

Adv. No. 14-01318-PGH

## **DEFENDANT-COUNTERCLAIMANTS' MOTION TO FILE A FIRST AMENDED COUNTERCLAIM AND INCORPORATED MEMORANDUM OF LAW**

Defendant-Counterclaimants pursuant to Pursuant to Federal Rule of Civil Procedure 15(a), and Federal Rule of Bankruptcy Proceedure 7015, move for leave of Court to file a First Amended Counterclaim, and in support thereof state:

1

1. Plaintiff filed the present action on March 13, 2012.

2. Defendants filed their answer to Plaintiffs' complaint on May 17, 2012.

3. Defendant T3 Vistas, LLC filed for bankruptcy under Chapter 7 on or about January 24, 2014. (hereinafter referred to as "Debtor T3"). Case. N. 14-11262-PGH.

4. On March 24, 2014 Defendant Strother filed for bankruptcy under Chapter 13, Case No. 14- 16671-PGH.

5. On March 26, 2014, the Massachusetts Action was removed to this Court pursuant to Fed. R. Bankr. P. 9027, Adv. No. 14-0138-PGH and is now the Pending Adversary Proceeding.

6. On or about April 8, 2014, the District Court in Massachusetts dismissed the Massachusetts Action.

7. This Court now had jurisdiction to determine this case under Fed. R. Bankr. P. 7001(10).

8. No scheduling order has been entered in this case, and the case is not set for trial.

9. Defendant-Counterclaimants seek to file A First Amended Counterclaim, in the form attached to this motion.

10. A motion for leave to amend a complaint should be granted unless it clearly appears the amendment would prejudice the opposing party, the privilege to amend has been abused, or the amendment would be futile. *E.g., Bill Williams Air Conditioning & Heating v. Haymarket Coop. Bank*, 592 So. 2d 302, 305 (Fla. 1st DCA 1992), *rev. dismissed*, 598 So. 2d 76 (Fla. 1992).

### I. The Efficient Administration of Justice Requires That Defendant-Counterclaimants be Given Leave to File an Amended Complaint

Federal Rule of Civil Procedure 15(a) and F.R. Bnkr. P. 7015 requires that leave to file an amended complaint be "freely given when justice so requires." This standard is readily met Moreover, the First Amended Counterclaim narrows the scope of the issues presented in this litigation and will prevent the Court's time from being wasted at trial.

### II. Plaintiff Will Not Suffer Substantial Prejudice, and There Is No Other Reason Defendant-Counterclaimants Should Not Be Given Leave to Amend

The U.S. Supreme Court determined that "[i]n the absence of . . . undue delay, bad faith or dilatory motive . . . undue prejudice . . . futility of amendment, etc.--the leave sought should . . . be 'freely given.' " *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Sixth Circuit applied a balancing test of these factors, which turns on *substantial prejudice* to the opposing party. *See, e.g., Lawson v. Truck Drivers, Chauffeurs & Helpers, Local Union 100*, 698 F.2d 250, 256 (6th Cir. 1983); *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973).

No such prejudice exists here. The facts described in the First Amended Counterclaim are well-known to Plaintiffs, because they have plead the same facts. Similarly, none of the other *Foman* factors are present. Defendant-Counterclaimants are submitting the First Amended Counterclaim within the time allowed to amend pleadings The Sixth Circuit has allowed amendment even after the expiration of discovery and after the time for amended pleadings in the scheduling order. *See, e.g., United States v. Wood*, 877 F.2d 453, 456 (6th Cir. 1989) (allowing United States to add a claim fourteen months after suit was filed, after discovery had closed, and three weeks before trial).

## CONCLUSION

For the above reasons, Defendant-Counterclaimants Motion for Leave to File a First Amended Counterclaim should be allowed.

June 9, 2014

                                              Respectfully submitted,

                                              Richard Strother, pro se
                                              340 Royal Poinciana Way  Ste:317-203
                                              Palm Beach, Florida  33480
                                              561-818-3924
                                              Ricstro33@gmail.com

**PLEASE TAKE FURTHER NOTICE** that this Motion was served in compliance with the Bankruptcy Rules and Local Rule 9013-1.  Under Local Rule 9013-1 any response to this Motion must be filed with the Court and served upon Defendants at the address set forth above, within twenty one (21) after the date of service stated in this Motion.  Pursuant to Local Bankruptcy Rule 9013-1(D), the failure to timely file and serve a written opposition may be deemed by the Court to be consent to the granting of the relief requested in the Motion without further notice or hearing.

### Certificate of Service

On this 9rd day of June, 2014, I certify that I served or caused to be served on the other parties a true and accurate copy of this DEBTOR RICHARD STROTHER'S OBJECTIONS TO AND MOTION TO QUASH NOTICE OF 2004 EXAMINATION, MOTION FOR PROTECTIVE ORDER AND INCORPORATED MEMORANDUM OF LAW by first class mail. I further certify that I have conferred with opposing counsel in an attempt to resolve these issues without a hearing.

                                                                               Richard Strother